

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 28, 1952

Hon. Les Procter
County Attorney
Travis County
Austin, Texas

Opinion No. V-1514

Re: Legality of expending funds
of Travis County for the pur-
pose of widening and improv-
ing the Congress Avenue Bridge
in Austin.

Dear Mr. Procter:

On behalf of the County Commissioners of Travis County you have requested our opinion on the following question:

"Is there any way in which Travis County may legally expend funds for the purpose of widening and improving the Congress Avenue Bridge?"

Your able brief and your requesting letter reveal the following facts. The Congress Avenue Bridge, spanning the Colorado River in Austin, was constructed by Travis County in 1908 and 1909 with the proceeds of a county bond issue authorized in 1908. Under the Bond Assumption Act of 1932 (Acts 42nd Leg., 3rd C.S. 1932, ch. 13, p. 15), the State assumed and retired $81,200.00 of the outstanding county bonds the proceeds of which had been used to build the bridge.

You report that representatives of the State Highway Commission, of Travis County, and of the City of Austin have conferred on the subject of widening and improving the bridge and that these three agencies agree that if such a project is to be undertaken, it will have to be on the basis of their equal participation in the cost of the undertaking. You also report that Travis County does not propose to undertake any improvement of the bridge without the formal consent of the governing body of the City of Austin.

In connection with our study of your request, attention has been directed to Attorney General's Opinion V-1115 (1950) in which we held that the Commissioners' Court of Travis County was not authorized to issue bonds for the purpose of widening and improving the Congress Avenue Bridge in Austin. That holding was based on the conclusions (1) that the Congress Avenue Bridge in Austin was a part of the designated State Highway System and (2) that Article 6674q-4 positively prohibits any further improvement of any

part of the designated State Highway System with the aid of or with any funds furnished by a county, except in the acquisition of rights-of-way. We believe those conclusions were correct, and the holding of V-1115 (1950) is hereby reaffirmed. However, in that opinion we were dealing with a definite proposal on the part of the county to widen Congress Avenue Bridge while in your present question you have asked "if there is any way in which Travis County may legally expend funds" to widen the bridge.

It appears that the Congress Avenue Bridge is still a part of the designated State Highway System. As noted in V-1115 (1950), the bridge must have been a part of that designated system when the county bonds were assumed by the State. Otherwise, under Section 7(c) of the Bond Assumption Act, supra, the State was not authorized to assume those obligations. Moreover, we have discovered no change in the classification of the bridge by order of the State Highway Commission at any time since the bonds were assumed. Cf. Highway Commission Minutes No. 16701 (September 26, 1939), Record of Highway Commission Minutes, Book 18, page 251.

In reply to your specific question, it is the opinion of this office that Travis County may legally expend funds for the purpose of widening and improving the Congress Avenue Bridge if the State Highway Commission changes the classification of the bridge so that it no longer constitutes a part of the designated State Highway System. If such a change in classification should take place, the Congress Avenue Bridge would necessarily become part of the public roads of Travis County (of the "County System of Public Roads"). Articles 6674q-2, 6674o. As such, it would be subject to the provision of Article 6674c-1 which states:

"Any county or political subdivision of any county in this state, acting through its governing agency, may make, and the State Highway Commission, in its discretion, may accept, voluntary contributions of available funds from such county or political subdivision, for expenditure by the State Highway Commission in the development of the public roads of such county, or political subdivision."

If such a change in the classification of the Congress Avenue Bridge should be made by the Texas Highway Commission, and if the County Commissioners of Travis County should offer, and the State Highway Commission should accept, a voluntary contribution of available funds from the Road and Bridge Fund of Travis County, the State Highway Commission may spend the funds contributed by

the County, together with State and City funds, for the purpose of widening the bridge. This assumes that the bridge forms a part of a connecting link between duly established county roads passing through the city, and that the improvements will be undertaken with the consent of the city. City of Breckenridge v. Stephens County, 120 Tex. 318, 40 S.W. 43 (1931); Hughes v. County Commissioners of Harris County, 35 S.W.2d 818 (Tex. Civ. App. 1931); Att'y Gen.Op. V-261 (1947).

## SUMMARY

Under Article 6674c-1, V.C.S., Travis County may contribute funds to the Texas Highway Commission to be used by the Commission along with State and City funds for the purpose of widening Congress Avenue Bridge if the Highway Commission reclassifies and removes the bridge from the designated State Highway System.

Very truly yours,

PRICE DANIEL
Attorney General

APPROVED:

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

By *Phillip Robinson*

Phillip Robinson
Assistant

PR:b